IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., Broadcast Licensee of the November 21, 2015 Cotto/Canelo Program,<br><br>Plaintiff,<br><br>v.<br><br>SOTERO ENCISO CHAVEZ, an individual, and SOTENO LLC, d/b/a SEVEN SEAS RESTAUTRANT & BAR, a/k/a 7 MARES RESTAURANT,<br><br>Defendants. | Case No. 6:17-cv-01596-JR<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Plaintiff, Joe Hand Promotions, Inc., initiated this action on October 10, 2017 against defendants, Sotero Enciso Chavez and Soten LLC, doing business as Seven Seas Restaurant & Bar ("7 Mares Restaurant"). Plaintiff alleges defendants infringed plaintiff's exclusive rights

under sections 553 and 605 of the Communications Act by illegally intercepting and exhibiting the Cotto vs. Canelo broadcast (the "Program") on November 21, 2015. Further, plaintiff alleges the conduct of defendants has and will continue to cause harm to plaintiff unless the unlawful activity is enjoined.

## DISCUSSION

The Court entered an order of default against defendant on January 23, 2018. Plaintiff now moves for default judgment against defendants. Specifically, plaintiff seeks statutory damages from each defendant in the amount of $15,000, a permanent injunction, attorney fees in the amount of $3,022, and costs in the amount of $1,150.

*I.   47 U.S.C. § 553 and § 605*

To establish a claim of unlawful interception of satellite programs, plaintiff must demonstrate that it has a proprietary interest in the Program, and that the defendants unlawfully intercepted, received, published, displayed, and/or exhibited the Program without plaintiff's authorization. 47 U.S.C. § 553(a); 47 U.S.C. § 605(a); *J&J Sports Prods. v. Segura*, 2018 U.S. Dist. LEXIS 66291, *8–9 (N.D. Cal. 2018). Direct evidence of unlawful satellite interception is not required to establish a violation under sections 553 or 605. *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008). Circumstantial evidence may be equally persuasive. *Id.*

Upon default, the factual allegations of the complaint are taken as true, except the allegations relating to the amount of damages. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). The complaint establishes that plaintiff had a proprietary interest in the Program and that defendants were not on Oregon's list of authorized commercial purchasers of

the Program.[1] Pl.'s Comp. at 4-5. Defendant 7 Mares Restaurant is a commercial establishment and, as such, could only have lawfully obtained the Program if plaintiff had contracted with defendants for the rights to show it. While plaintiff is unable to determine the direct method of interception, an auditor witnessed the Program being displayed on five television sets at defendants' commercial establishment. Pl.'s Aff. Ex. A, at 7. Taking the allegations as true, plaintiff's complaint establishes the elements of unlawful satellite interception required to state a claim under sections 553 and 605.

*II. Vicarious Liability*

Plaintiff claims defendant Sotero Enciso Chavez should be held personally liable, alongside defendant 7 Mares Restaurant, for the unlawful activities occurring within the restaurant on November 21, 2015. In order for defendant Chavez to be held liable, plaintiff must demonstrate that he authorized the violations alleged in the complaint, or had a "right and ability to supervise" the violations and a strong financial interest in such activities. *Joe Hand Promotions, Inc. v. Prezio*, 2009 U.S. Dist. LEXIS 137101, *4-5 (S.D. Cal. 2009) (citing *J&J Sports Prods. v. Potions Bar & Lounge, Inc.*, 2009 WL 763624, *9 (E.D.N.Y. 2009)).

Plaintiff contends that defendant Sotero Enciso Chavez is the owner/operator of 7 Mares Restaurant, where the violation took place, and has oversight and management thereof. Pl.'s Comp. at 2-3. Plaintiff further alleges defendant Chavez received a financial benefit from the operations of 7 Mares Restaurant. *Id.* at 3. As these allegations are undisputed, the Court finds this ownership/operation and strong financial interest sufficient to establish vicarious liability.

---

[1] The Affidavit of Joe of Hand, Jr. marks both the Oregon list of authorized commercial purchasers and the auditor's affidavit as Exhibit A. Pl.'s Aff. at 2-3. Exhibit A consists only of the auditor's affidavit. Pl.'s Aff. Ex. A, at 7-8. While the Oregon list of commercial purchasers is not provided, the Court is entitled to assume as true the facts alleged in the pleadings. *Geddes*, 559 F.2d at 560.

*III.    Statutory Damages Under 47 U.S.C. § 605(e)(3)(C)(i)(II)*

A plaintiff may elect to recover damages under sections 553 and 605, but not both. *J&J Sports Prods. v. Ro*, 2010 U.S. Dist. LEXIS 21425, *8 (N.D. Cal. 2010). Here, plaintiff elects to recover damages under section 605(a). Pl.'s Mem. in Supp. of Default J. at 10. Plaintiff is entitled to recover actual damages attributable to the unauthorized interception of the Program or may elect to recover statutory damages. Plaintiff seeks statutory damages in the amount of $5,000 and enhanced statutory damages in the amount of $10,000 from each defendant. The court may award statutory damages "in a sum of not less than $1,000 or more than $10,000." 47 U.S.C. § 605(e)(3)(C)(i)(II). However, where the interception is committed willfully, "the court in its discretion may increase the award of damages . . . by an amount not more than $100,000." 47 U.S.C. § 605(e)(3)(C)(ii).

Courts use a variety of methods for calculating an award of statutory damages under section 605. "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." *Garden City Boxing Club, Inc. v. Zavala*, 2008 U.S. Dist. LEXIS 79647, *3 (N.D. Cal. 2008). *See also Joe Hand Promotions, Inc. v. Holmes*, 2015 U.S. Dist. LEXIS 116899, *20 (D. Or. 2005); *Kingvision Pay-Per-View, Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

Following the traditional approach, the Court considers the losses and profits resulting from defendants' unlawful interception. In this case, it would be impossible to calculate the full extent of the profits obtained by defendants; however, plaintiff indicates that defendants' cost to legally license the Program would have been $4,200. Pl.'s Mem. in Supp. of Default J. at 13. The Court shall base the award of statutory damages off of the cost of the licensing fee had the defendants legally purchased the Program. The Court finds that the circumstances of this case

justify awarding plaintiff's request of damages in the amount of $5,000 against each defendant, for a total of $10,000.

In determining whether the interception was committed willfully, courts typically consider the following factors with respect to enhanced damages: "repeated violations over an extended period of time; substantial monetary gains; significant actual damages to plaintiff; defendants' advertising for the intended broadcast of the event; defendants charging a cover charge; or charging premiums for food and drink." *Joe Hand Promotions, Inc. v. Gonzalez*, 2015 U.S. Dist. LEXIS 14763, *12-13 (E.D. Cal. 2015).

Here, plaintiff provides no evidence in the record of prior violations, significant earnings by defendants or a cover charge fee. Nevertheless, plaintiff establishes that defendants' unlawful act of intercepting the Program caused the plaintiff significant damages. Pl.'s Mem. in Supp. of Default J. at 13. Plaintiff provides evidence that defendants advertised the Program at their location. Pl.'s Aff. Ex. B at 13. Moreover, plaintiff claims that defendants increased food and drink prices, and thus, an inference can be drawn that defendants intended to increase business and entice a larger crowd. Pl.'s Comp. ¶ 14.

Taking these factors into consideration, defendants willfully took an affirmative action to illegally intercept plaintiff's Program, and plaintiff is entitled to receive enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii). However, I see no reason justifying plaintiff's request of enhanced damages in the total amount of $20,000. The Court finds an award of damages in the total amount of $10,000 adequate to deter defendants and others from committing similar acts in the future. Accordingly, the Court awards enhanced statutory damages in the amount of $5,000 against each defendant, for a total of $10,000, in addition to the $10,000 awarded under section 605(e)(3)(C)(i)(II).

*IV. Injunction*

The court may grant final injunctions to prevent further unauthorized interceptions. 47 U.S.C. § 605(e)(3)(B)(i). Accordingly, defendants are hereby permanently enjoined from intercepting, receiving, exhibiting, or displaying plaintiff's satellite programming without the consent of plaintiff.

*V. Attorney Fees and Costs*

The court shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails in a Communication Act case. 47 U.S.C. § 605(e)(3)(B)(iii). An aggrieved party "shall include any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming." 47 U.S.C. § 605(d)(6). Here, plaintiff had the exclusive commercial distribution rights to the Program and is considered an aggrieved person under section 605(d)(6). An award to plaintiff of full costs and reasonable attorney fees is appropriate in this case.

In determining reasonable attorney fees under section 605, courts apply the lodestar method. *DirecTV, Inc. v. Atwal*, 2005 U.S. Dist. LEXIS 43784, *5 (E.D. Cal. 2005). The lodestar calculates the number of hours expended on the case multiplied by a reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 1543 (1984). Plaintiff, as the party requesting fees, has the burden of documenting the appropriate hours expended on the case and must submit evidence supporting the hours worked. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

In this case, plaintiff provides detailed documentation of attorney and paralegal time expended. Att'y Aff. at 4-8. Plaintiff seeks an hourly rate of $250.[2] *Id.* at 4. In similar cases, the Court has previously determined this rate to be reasonable. *See J&J Sports Prods. v. Gonzalez,* 2018 U.S. Dist. LEXIS 51868, *5 (D. Or. 2018); *DIRECTV, Inc. v. Taylor,* 2004 U.S. Dist. LEXIS 21840, *7 (D. Or. 2004). Additionally, under the Oregon State Bar 2017 Economic Survey, the mean hourly rate in the lower Willamette Valley region is $260. Accordingly, the rate of $250 an hour is reasonable in this case. Moreover, the Court finds the total hours expended by plaintiff's attorney and paralegal of 19.9 hours is reasonable. Plaintiff is entitled to an award of attorney fees in the amount of $3,022. Additionally, plaintiff is entitled to an award of costs in the amount of $1,150 for filing and service fees.

## CONCLUSION

For the forgoing reasons, plaintiff's Motion for a Default Judgment is GRANTED. (doc 11). The Court awards statutory damages in the amount of $20,000 and attorney fees and costs in the amount of $4,172 in favor of plaintiff and against defendants. It is further ordered that defendant is enjoined from (1) interfering with plaintiff's proprietary rights, and (2) intercepting, receiving, divulging or displaying plaintiff's satellite programming without prior written consent of plaintiff.

IT IS SO ORDERED.

DATED this 25th day of June 2018.

_____
ANN AIKEN
United States District Judge

---

[2] The actual hourly fee referenced in this case is $250 per hour for associate time and $95 an hour for paralegal time.

7 – OPINION AND ORDER